# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Mark Justin Josephs, Respondent.

Appellate Case No. 2025-002191

———————

Opinion No. 28316
Submitted December 19, 2025 – Filed February 11, 2026

———————

## PUBLIC REPRIMAND

———————

Disciplinary Counsel William M. Blitch, Jr., and
Assistant Disciplinary Counsel Phylicia Yvette Christine
Coleman, both of Columbia, for the Office of
Disciplinary Counsel.

Mark Justin Josephs, of Myrtle Beach, pro se.

———————

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents to a public reprimand.  We accept the Agreement and publicly reprimand Respondent for his misconduct.

## I.

Respondent was admitted to practice in 1998 and has no prior disciplinary history. In May 2023, an audit of the law firm in which Respondent practiced at the time revealed various billing discrepancies in numerous cases Respondent had handled and that Respondent had failed to maintain copies of all required financial records. The auditor determined Respondent owed a total of $25,237 in refunds to clients.

By July 2023, Respondent had issued refunds to all the clients listed on the auditor's report.

ODC continued investigating this matter throughout 2024, but Respondent failed to respond completely to several of ODC's requests for information and documentation.

## II.

Respondent admits his conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.5(a) (charging or collecting an unreasonable fee or unreasonable amount for an expense); Rule 1.5(c) (requiring a contingent fee agreement to notify a client of any expenses a client will be expected to pay); and Rule 8.1(b) (requiring a lawyer to respond fully to a lawful inquiry by ODC). Respondent's conduct also violated the following financial recordkeeping provisions of Rule 417, SCACR: Rule 1(e) (requiring a lawyer to maintain copies of bills for legal fees and expenses rendered to clients).

Respondent also admits his misconduct constitutes grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (providing a violation of the Rules of Professional Conduct is a ground for discipline). As conditions of discipline, Respondent also agrees to: (1) attend LEAPP Ethics School and Trust Account School; (2) retain and work with a law office management advisor for a period of one year, focusing on all aspects of his practice, but specifically including fee agreements and billing practices; and (3) complete six extra hours of continuing legal education on topics related to billing practices, in addition to his annual MCLE requirements, during the next reporting cycle.

In his affidavit in mitigation, Respondent emphasizes the beneficial results he obtained for his clients, along with his remorse, lack of prior disciplinary history, and prompt, voluntary payment of restitution to all clients.

## III.

We find a public reprimand is an adequate sanction for Respondent's misconduct. Accordingly, we accept the Agreement and publicly reprimand Respondent. Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct. As conditions of discipline, Respondent shall: (1) complete the Legal Ethics and Practice Program Ethics School and Trust Account School within one year; (2)

within thirty days, Respondent shall retain and begin working with a law office management advisor for a period of one year. This advisor shall be approved by the Commission and shall specifically review Respondent's fee agreements and billing practices and submit a report to the Commission containing an analysis of and recommendations concerning Respondent's billing practices within ninety days of being retained. For the remainder of the one-year period, Respondent shall meet with the advisor on at least a quarterly basis to review Respondent's billing and invoicing practices and ensure accurate billing and invoicing has occurred. This advisor shall report quarterly to the Commission whether any billing or invoicing discrepancies have been identified. Respondent shall cooperate fully and promptly with the law office management advisor and be responsible for payment of the advisor as well as timely submission of the advisor's reports; and (3) within one year, Respondent shall complete six extra hours of continuing legal education courses on topics related to client billing and/or billing practices. These six hours will be in addition to the annual MCLE requirements.

**PUBLIC REPRIMAND.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**